UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


QUENTIN CARNEY                                     CIVIL ACTION

v.                                                 NO. 20-0372

BALLARD MARINE CONSTRUCTION, LLC                   SECTION "F"


ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to the Ballard Marine Construction, LLC's motion for summary judgment, which is noticed for submission on April 14, 2021, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] The plaintiff alleges that he was a Jones Act seaman working aboard the M/V PHANTOM, owned and operated by the defendant, and that he is entitled to recover under the Act as well as under general maritime for vessel unseaworthiness and maintenance and cure due to an accident causing injuries to his back and other parts of his body. The defendant submits that there is no genuine dispute as to any material fact that the Court lacks admiralty jurisdiction or that the plaintiff has no admiralty claims where, as here, the plaintiff does not qualify as a seaman and the alleged

that the motion for summary judgment is hereby GRANTED in part as
unopposed (insofar as the record establishes that the plaintiff
was not a seaman because his alleged injury occurred during an
indefinite assignment to a boat on a non-navigable waterway); his

---

tort did not occur on navigable waters of the United States;
accordingly, the defendant seeks summary judgment in its favor
dismissing the plaintiff's claims with prejudice.  The Court agrees
that the record supports the defendant's submission that the
plaintiff was not a seaman.  And the Court finds that it lacks
admiralty jurisdiction over the remaining claims.

   The plaintiff offers no legal argument or evidence in
opposition to the defendant's supported motion.  To recover under
the Jones Act, the plaintiff must show that he qualifies as a
seaman.  A plaintiff does not qualify as a seaman if he is
permanently (indefinitely) assigned to a job on land or on non-
navigable waters.  See Chambers v. Wilco Indus. Servs., LLC, No.
09-7061, 2010 WL 3070392, at *6 (E.D. La. Aug. 3, 2010)(citations
omitted).  To establish admiralty jurisdiction under 28 U.S.C. §
1333(1) over a tort claim, the plaintiff must show both a maritime
location and a maritime connection.  Scarborough v. Clemco
Industries, 391 F.3d 660, 663 (5th Cir. 2004)(citations omitted).
To satisfy the location test, the plaintiff must show that his
injury occurred on navigable waters or, if suffered on land, that
it was caused by a vessel on navigable waters.  See id.

   Here, the undisputed evidence in the record demonstrates that
the plaintiff's alleged injury (and his entire employment with
Ballard) occurred on Lake Parrish, which is a land-locked, non-
navigable body of water located on private property in the
southeast of Tampa in Florida.  His entire employment with Ballard
occurred on or around this *non-navigable* land-locked lake.  This
(the plaintiff's employment on non-navigable water) dooms his
Jones Act claim and presents a jurisdictional roadblock to his
claims under the general maritime law.  That the plaintiff has
failed even to respond to the defendant's motion (notwithstanding
that two scheduling orders have issued in this matter) reinforces
the defendant's submission that the plaintiff has no claim to be
resolved in federal court.

Jones Act claim is thus dismissed with prejudice.  IT IS FURTHER ORDERED: that the plaintiff's remaining claims are dismissed without prejudice for lack of admiralty jurisdiction.[2]

New Orleans, Louisiana, April 14, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] When the Court lacks subject matter jurisdiction, it must dismiss the relevant claims for lack of subject matter jurisdiction, rather than rendering a judgment on the merits.  See, e.g., Boudloche v. Conoco Oil Corp., 615 F.2d 687, 688-89 (5th Cir. 1980).  In his complaint, the plaintiff purports to invoke the Court's admiralty jurisdiction and diversity jurisdiction.  However, the plaintiff, who invoked the jurisdiction of this Court, makes no allegations in support of diversity jurisdiction: he makes no allegation concerning the citizenship of the parties nor the amount in controversy.  Failing to plead and prove diversity jurisdiction, it is lacking.  Insofar as the Court exercised federal question jurisdiction over the Jones Act claim only to dismiss it on summary judgment, the Court finally observes that -- if the Court were obliged to construe any of the plaintiff's remaining claims as state law claims -- the Court would decline to exercise supplemental jurisdiction over any such claims.

3